The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201
Dear Mr. McCuen:
This is in response to your request for an opinion on several questions concerning Act 304 of 1989. The act sets out the requirements for notaries public in the State of Arkansas, and provides in Section (2)(d):
 (d) Notaries public shall file in the office of the recorder of deeds for the county in which the notary public resides, or in the case of a resident of an adjoining state, in the county in Arkansas in which employed, either:
 (1) a surety bond executed by a surety insurer authorized to do business in Arkansas to the state for the faithful discharge of their duties in the sum of four thousand dollars ($4,000), to be approved by the clerk of the circuit court of the county; or
 (2) A surety contract guaranteeing the notaries' faithful discharge of their duties executed to the state of Arkansas for not more than an aggregate four thousand ($4,000) issued by a general business corporation, validly organized and formed under the laws of this state pertaining to domestic corporations, and which:
 (A) has previously registered with the Insurance Commissioner on forms prescribed by him evidencing its purpose to issue only surety contracts for notaries public pursuant to the provisions of this section; and
 (B) which has previously deposited and thereafter maintains with the Insurance Commissioner securities in the sum of not less than ten thousand dollars ($10,000) executed to the state of Arkansas, which are issued by a nonaffiliated corporate entity and are approved by the Insurance Commissioner; and
 (C) which is not otherwise transacting any insurance business in this state which requires compliance with the provisions of the Arkansas Insurance Code, Sections 23-60-101, et seq.
The above subsections 1 and 2 describe the types of bonds which shall be filed by notaries. Your first question relates to these bonds and is as follows:
 1. Companies often purchase "blanket bonds" which cover their employees and include a provision for Notaries Public. Considering the possibly [sic] that within 10 years of a commission as a notary the Notary may cease his employment with the company he would no longer be bonded as required under the Act. Is this type of bond acceptable under the provisions of Act 304 of 1989?
It should be noted as an initial matter that the act charges the circuit clerks with the responsibility of approving bonds filed by notaries under Section 3 (d)(1) of the act. Thus, the primary source for resolution of your question is the circuit clerk for each of the counties, (assuming that the "bond" does not meet the more specific criteria set out in section (d)(2)). I will note, however, that assuming the "blanket bonds" to which you refer are issued by a surety insurer authorized to do business in Arkansas, and will provide coverage in at least the amount of four thousand dollars for acts of the notary, it is my opinion that such bonds would generally meet the requirements and general intent of the act. As to your concern regarding the cessation of a notary's bonded coverage upon termination of his employment with the company, see the discussion in answer to question three, infra. Your second question involves the Self-Insured Fidelity Bond Program for Arkansas governments. Your inquiry as to whether this program complies with the requirements of Act 304 of 1989. The program is authorized by A.C.A. 21-2-701, et seq. (Supp. 1987). Section 21-2-703 of that chapter provides:
 (a) The fidelity bond coverage provided under this subchapter shall be in lieu of all statutorily required bonds for the various public officers, officials, and employees participating in the self-insured Fidelity Bond Program. The various laws specifically requiring surety bonds or blanket bonds for the respective public officials, officers, and employees shall not be applicable so long as the fidelity bonds as provided in this subchapter are in effect covering the officials, officers, and employees.
 (b) In the event coverage shall cease to be provided for any or all of the officials, officers, or employees pursuant to this sub-chapter, the laws currently in effect providing for surety bonds or blanket bonds shall again become applicable to the officials, officers, and employees.
It is my opinion that this provision contemplates that the program be in lieu of "all statutorily required bonds for the various public . . . employees", (emphasis added), and that this language includes the statutorily required bonds for notaries public who are employed by governmental units participating in the program. Thus, in response to your question, it is my opinion that although this program may not meet the technical language of Act 304 of 1989, it nonetheless satisfies the requirements because the legislation creating the program provides that its coverage shall be in lieu of the bond required by Act 304 of 1989.
Your third question is as follows:
 3. If you determine either one or both of the bonds discussed in questions 1 and 2 are acceptable, what steps should be taken by the notary to remain bonded when they no longer are employed by the company or government which was providing the bond?
The Self-Insured Fidelity Bond Program covers certain governmental employees. It does not cover former employees. It is thus my opinion that a notary who was covered under the program and whose employment is terminated is no longer covered and is not authorized to perform the function of a notary in Arkansas. Such a notary will have to obtain new bonded coverage as required in Act 304 of 1989 in order to legally execute the duties of a notary. See also A.C.A. 21-2-703 (b) (Supp. 1987).
The same conclusion will, in all likelihood, apply to the termination of employment of a notary employed by a private company. It is my assumption that most blanket bonds issued to private companies contain provisions which provide coverage to the companies' employees, and not its former employees. If that is the case, the bond will probably no longer cover the notary following termination of employment. The notary must, then, obtain new coverage which meets the requirements of Act 304 of 1989.
Your fourth question asks whether the circuit clerk is in any way responsible for policing this "potential problem", and if, so how. As previously noted, the determination of whether a surety bond meets the requirements of Act 304 (d)(1) is to be made in the first instance by the circuit clerk. We can find no language in the act which would impose any further duty on the circuit clerk with regard to this situation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.